(C. D. 440)

International Models Co. *v.* United States

United States Customs Court, Second Division

(Decided February 28, 1941)

*Barnes, Richardson & Colburn* (*Howard Carter* of counsel) for the plaintiff.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Richard E. Fitz-Gibbon,* special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation invoiced as "24 Doz. Tanks for 2 cylinder Dry Ice Motors" and "24 Doz. 2 cylinder Dry Ice Motors." Duty was levied thereon at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as manufactures of metal not specially provided for. It is claimed that said merchandise is properly dutiable as entireties at the rate of 27½ per centum ad valorem under paragraph 372 of said act as machines and parts thereof not specially provided for, or, alternatively, if not so dutiable, then that the motors are properly dutiable at the rate of 27½ per centum ad valorem under said paragraph 372 as machines not specially provided for, and the tanks at the rate of 25 per centum ad valorem under paragraph 328 of said act as cylindrical and tubular tanks and vessels for holding gas, liquids, or other material.

A sample of one of the tanks was admitted in evidence as exhibit 1 and a sample of one of the motors as exhibit 2. In addition, the plaintiff offered in evidence the testimony of one Lewis Barnett who testified that he transacts business under the name and style of International Models Co., the plaintiff herein, of which he is the sole owner; that the motor (exhibit 2) is composed of cylinders, pistons, piston rings, and a drive shaft; that it is similar in contruction and operation to an internal-combustion engine; that the tank (exhibit 1) is divided into an upper and lower chamber, the latter having a screw cap; that carbide and dry-ice are placed in said lower chamber and water in the upper chamber; that the water is released when the circular handle at the top of the tank is pulled out; that the water reacting with the carbide and dry-ice generates a pressure which is conveyed to the motor (exhibit 2) by a tube and causes the motor to operate; that the motor is useless without the tank, and vice versa the tank is useless without the motor; and that the two together are used to operate a model airplane or a model boat.

The witness further testified:

X Q. Did both come in in the same shipment?—A. Yes, they did.
Mr. FITZGIBBON. No other questions.

\* \* \* \* \* \* \*

JUDGE DALLINGER. I understood you to say both of them must be used together, both of them came in the same shipment, and that neither one has any use without the other.
The WITNESS. That's right.

Upon this record we hold as a matter of law that the 24 dozen dry-ice motors and the 24 dozen tanks constitute entireties and as such are machines not specially provided for within the meaning of said paragraph 372 and dutiable thereunder at the rate of 27½ per centum ad valorem, as alleged by the plaintiff. That claim is therefore sustained; but as to all other merchandise the claims are overruled. Judgment will be rendered accordingly.